## BUILDING & CONSTRUCTION TRADES COUNCIL OF ORANGE COUNTY et al. v. LE BARON.

### Misc. No. 166.

United States Court of Appeals
Ninth Circuit.

June 30, 1949.

Arthur Garrett and James M. Nicoson, Los Angeles, Cal., Clarence E. Todd, San Francisco, Cal., for appellants.

Robert N. Denham, General Counsel, NLRB, David P. Findling, Asso. Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, Joseph I. Nachman, Attorney, NLRB, Washington, D. C., for appellee.

Before BONE, ORR and POPE, Circuit Judges.

PER CURIAM.

In a proceeding before the National Labor Relations Board appellants were charged with committing unfair labor practices proscribed by Section 8(b), subsections (4)

(A) and (B) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158 (b) (4) (A, B).

The appellee, as Regional Director, sought and obtained an injunction in the district court, 84 F.Supp. 629, in accordance with Section 10(*l*), 29 U.S.C.A. § 160(*l*), enjoining and restraining during the pendency of the proceeding certain acts alleged to have been committed in furtherance of the alleged unfair labor practices. Appellants, after appealing from the order granting the injunction and before the hearing of the appeal upon the merits, have moved for an order suspending the injunction pending the appeal.

In support of the motion it is argued (1) that if the provisions of the Act authorizing the issuance of an interlocutory injunction are construed to permit the issuance of an injunction such as that here involved, those provisions are unconstitutional and void because violative of the First, Fifth and Thirteenth Amendments to the Constitution, (2), that the prohibitions of the injunction are so broad as to prevent the use by the appellants of even their customary and traditional means of advising their members of the Unions' dispute with the primary employer, and (3), that the evidence before the district court disclosed that the action of the appellant was directed to secure employer action only and that no effort was made to induce action by employees in support of any secondary boycott.

We consider that the first ground urged is foreclosed by our decision in Printing Specialties and Paper Converters Union v. LeBaron, 171 F.2d 331 as well as by the rule laid down in Carpenters and Joiners Union v. Ritter's Cafe, 315 U.S. 722, 62 S.Ct. 807, 86 L.Ed. 1143.

Although the appellants have cited the decisions of the Board in the matter of Pure Oil Co. decided June 17, 1949 (reference being made to Commerce Clearing House Labor Law Reports, section 9000, pages 9421 and 9422) and in the matter of Sealright Pacific Ltd. Co., 82 N.L.R.B. 36, in support of the second and third points mentioned, it is our view that those questions are not properly before this court upon this motion. Under the Act the Board is granted the exclusive authority to determine in the first instance whether the acts of the appellants of which complaint is made are proscribed by the Act. When the application was presented to the district court the question before that court was whether an injunction ought to be issued for the purpose of keeping the entire matter in statu quo, and of preventing frustration of effective action by the Board should the Board's final determination be adverse to the appellants. To grant the present motion might in our opinion serve to place one of the parties to the controversy in a position, through economic pressures, to destroy the utility of any final decision that the Board might render.

Again, this motion is essentially an effort to have this court, before the appeal is at issue or the record printed, nullify the very action from which the appeal is now prosecuted. It amounts to a motion for summary reversal.

With respect to the complaint that the existence of the injunction works hardship upon the appellants and limits action which the appellants believe they have a right to take it may be said that by its own terms the injunction is operative only for the period of three months from the date it was issued, a limitation which the trial judge doubtless attached with a view to encourage expeditious action by the Board upon the main controversy. As in the case of those injunctions which courts of equity have been wont to issue in pursuance of their ancient jurisdiction, it may be said the inconvenience which results to the parties affected by the injunction is the price which must be paid for living under a system of law which on proper occasions requires disputants to withhold action until their controversies can be heard in the appropriate tribunal.

The motion is denied.